United States Courts
Southern District of Texas
FILED

NOV 2 3 2015

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-14-525S |
| | § | |
| SEUNG MIN SANTILLAN | § | |
| a.k.a. Suzy Santillan | § | |
| a.k.a. Suzi Santillan | § | |
| OSCAR CANTALICIO ORTIZ | § | |

## SUPERSEDING INDICTMENT

## COUNT ONE
### (Conspiracy - 18 U.S.C. § 1349)

At all times material to this Indictment:

A. <u>DEFENDANTS</u>

1.     Seung Min Santillan, a.k.a. Suzy Santillan a.k.a Suzi Santillan, was a realtor in the Houston, Texas area. Santillan utilized business names in her real estate business including Prime Estate Realty, Uptown Property Management Company and Santi Investments LLC. In addition, Santillan conducted activities utilizing the names of construction companies, including Uptown Builders LLC.

2.     Oscar Cantalicio Ortiz was a building contractor in the Houston, Texas area.  Ortiz conducted his business under the names Uptown Builders LLC,

1

ABC Home Builders, LLC, Americorp Builders, LLC,    and Luxury Quality Homes.

B.    RESIDENTIAL REAL ESTATE CLOSINGS

3.    The Transaction that is the subject of a residential real estate closing ("Closing") involves the purchase and sale of real property between two parties, the "Buyer" and the "Seller". The Buyer is an individual or entity who, in a "Cash Transaction," provides his own funds to pay 100% of the sales price, or, in a "Loan Transaction," obtains the funding from a lending institution (the "Lender"), to purchase the real estate, which has approved the Buyer/Borrower (hereinafter "Borrower") for a residential mortgage loan for up to 100% of the sales price. The Seller is an individual or entity who owns the property that is the subject of the transaction. The closing of the real estate transaction usually takes place at a Title company and is typically conducted by an Escrow Officer.

4.    The documents used to apply for a real estate mortgage loan are collected by loan officers and loan processors at the mortgage broker's office and transmitted to the Lender by United States mail and/or by commercial interstate carrier such as Airborne Express and Federal Express. These documents include, but are not limited to:

    a.    The Uniform Loan Application executed by the Borrower
    b.    Borrower's credit report

     c.     Verification of Employment

     d.     Verification of Rent or Mortgage

     e.     Lease agreements

     f.     Verification of Deposit

5.     The Title Company's Escrow Officer is also responsible for depositing the monetary instruments and funds provided by the Borrower and funds wire transferred by the Lender or on its behalf to the Title Companies' bank account (the "Escrow Account"), and, when authorized by the parties to the transaction and the Lender, for disbursing the funds from the Escrow Account to various individuals and entities as detailed on the U.S. Department of Housing and Urban Development Settlement Statement (hereinafter HUD-1 Settlement Statement).

## C.    THE CONSPIRACY

From in or about January 2005 and continuing through on or about April 24, 2008 in the Southern District of Texas, and elsewhere, the defendants,

**SEUNG MIN SANTILLAN**
**a.k.a. Suzy Santillan**
**a.k.a. Suzi Santillan**
**and**
**OSCAR CANTALICIO ORTIZ**

did knowingly conspire and agree with each other and others known and unknown to the Grand Jury to commit the following offenses against the United States:

     a.     To knowingly devise and intend to devise a scheme and artifice

to defraud, and for obtaining money by means of false and fraudulent pretenses, representations, and promises, and to knowingly use and cause to be used the United States mails and private and commercial interstate carriers for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1341;

b. To knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, representations, and promises, and to knowingly use and cause to be used interstate wire communications facilities in carrying out the scheme to defraud, in violation of Title 18, United States Code, Section 1343;

c. To knowingly execute and attempt to execute a scheme and artifice to defraud financial institutions the accounts of which were insured by the Federal Deposit Insurance Corporation (FDIC), and to obtain money, funds, and property under the custody and control of the financial institutions, by means of false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1344.

D.   MANNER AND MEANS OF THE CONSPIRACY

It was a part of the conspiracy that:

6.   Seung Min Santillan, Oscar Cantalicio Ortiz and other co-conspirators

would and did recruit, solicit and compensate individuals with good credit to act as "Buyers/Borrowers" (hereinafter "Borrowers") in applications for residential mortgage loans to purchase one or more residential properties.

7.      Seung Min Santillan, Oscar Cantalicio Ortiz and other co-conspirators would and did cause to be completed Uniform Residential Loan Applications in the names of the Borrowers to attempt to obtain 100% financing of the residential property's sales price.

8.      Seung Min Santillan, Oscar Cantalicio Ortiz and other co-conspirators would and did provide and cause to be provided to Lenders false and misleading information concerning the Borrower's assets and liabilities as well as false statements concerning the Borrower's intent to occupy the residence as his or her principle residence.

9.      Seung Min Santillan, Oscar Cantalicio Ortiz and other co-conspirators would and did provide and cause to be provided false and misleading information to the Lenders concerning the source of funds used to close the real estate transactions.

10.     Seung Min Santillan, Oscar Cantalicio Ortiz and other co-conspirators would and did prepare, authorize and disseminate and caused to be prepared and disseminated, through the United States mail and interstate commercial courier

services and through interstate wire communications, to individuals and entities, including Lenders and their agents, in locations throughout the United States, false and fraudulent statements and other information regarding the creditworthiness of each Borrower and other information about each Borrower, all of which the Defendants knew and had reason to believe would be material to the Lenders' decisions to fund the mortgage loans.

11. Seung Min Santillan, Oscar Cantalicio Ortiz and other co-conspirators would and did obtain and cause to be obtained new Borrowers to re-purchase residential properties purchased earlier in the scheme.

12. Seung Min Santillan, Oscar Cantalicio Ortiz and other co-conspirators would and did establish and cause to be established business entities with corresponding bank accounts which were used to obtain disbursements of loan proceeds from the title company and/or other conspirators including Uptown Builders LLC, Americorp Builders LLC, Santi Investments and Prime Estate Realty.

13. Seung Min Santillan, Oscar Cantalicio Ortiz and other co-conspirators would and did obtain some of the fraudulently obtained mortgage loans from lending institutions which were insured by the Federal Deposit Insurance Corporation (FDIC) including Washington Mutual Bank, JP Morgan Chase Bank,

Ohio Savings Bank, National City Bank of Indiana, Encore Bank and Wells Fargo Bank.

14. Seung Min Santillan, Oscar Cantalicio Ortiz and other co-conspirators would and did induce Lenders to fund fraudulently obtained residential mortgage loans in the total amount of more than sixteen million dollars ($16,000,000.00).

## ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy described in Count One and to effect the objects thereof, the defendants named therein and other persons both known and unknown to the grand jury, performed or caused the performance of one or more of the following Acts, among others not described herein, in the Southern District of Texas and elsewhere on or about the following dates:

(1) March 11, 2005 Suzy M. Santillan and Oscar C. Ortiz caused Articles of Organization for Uptown Builders, LLC to be filed with the Texas Secretary of State.

(2) April 27, 2005, Seung Santillan a.k.a. Suzy Santillan opened Sterling Bank account XXXX0032 in the name of Uptown Builders, LLC.

(3) June 3, 2005, Oscar C. Ortiz opened Sterling Bank account XXXX5266 as a personal account.

(4) July 25, 2005, Oscar C. Ortiz added his name as an authorized signor

on the Uptown Builders, LLC account XXX0032 at Sterling Bank.

**1708 Woodhead St, Houston, Texas**

(5)    May 23, 2005, Seung Santillan a.k.a. Suzy Santillan caused a One to Four Family Residential Contract to be prepared for the sale of 1708 Woodhead St., Houston, Texas to Sherman Jackson for $610,000.

(6)    June 3, 2005, Oscar Ortiz paid Sherman Jackson an advance of $1,000 in check 5022 drawn on ABC Home Builders, LLC Compass Bank account XXX3870.

(7)    July 11, 2005, Seung Santillan caused a Residential Lease agreement between Sherman Jackson and Oscar Ortiz to be sent to the mortgage lender funding the purchase of 1708 Woodhead St., Houston, Texas.

(8)    July 19, 2005, Seung Santillan and Oscar Ortiz caused Ameritrust Title Company to wire transfer $236,095.66 in loan proceeds from the purchase of 1708 Woodhead St., Houston, Texas to the Uptown Builders, LLC Sterling Bank account XXX0032.

(9)    July 19, 2005, Seung Santillan and Oscar Ortiz caused a transfer of $120,000 from the Uptown Builders, LLC Sterling Bank account XXX0032 to the personal account of Oscar Ortiz at Sterling Bank, account XXX5266.

(10)    July 19, 2005, Oscar Ortiz paid Sherman Jackson $6,000 in check

1018 drawn on his Sterling Bank account XXX5266.

(11)   July 19, 2005, Seung Santillan deposited $7,000 from Ameritrust Title into Sterling Bank account XXX9476 held in the name of Prime Estate Realty.

**1434 West 22nd Street, Houston, Texas**

(12)   July 25, 2005, Seung Santillan withdrew $14,494.29 from Uptown Builders, LLC Sterling Bank account XXX0032 and purchased a cashier's check payable to Ameritrust Title with the remitter shown as Sherman Jackson.

(13)   July 25, 2005, Seung Santillan and Oscar Ortiz caused a HUD-1 Settlement Statement for the sale of 1434 W. 22nd Street, Houston, Texas to reflect the seller owed Uptown Builders $79,686.30.

(14)   July 27, 2005, Seung Santillan and Oscar Ortiz caused Ohio Savings Bank to wire transfer $283,749.21 to fund the loan for the purchase of 1434 W. 22nd Street, Houston, Texas.

(15)   July 27, 2005, Seung Santillan and Oscar Ortiz caused Ameritrust Title Company to wire transfer $78,654.20 in loan proceeds to Uptown Builders, LLC Sterling Bank account XXXX0032.

(16)   July 28, 2005, Oscar Ortiz caused the deposit of $20,000 into his Sterling Bank account XXX5266 through a transfer from Uptown Builders, LLC Sterling Bank account XXX0032.

(17)  July 28, 2005, Oscar Ortiz paid Sherman Jackson $3,000 in check 1034 drawn on Sterling Bank account XXX5266.

**3921 Bissonnet, Houston, Texas**

(18)  November 4, 2005, Seung "Suzy" Min Santillan and Oscar Ortiz opened JP Morgan Chase Bank account XXX6997 in the name of Uptown Builders, LLC.

(19)  March 10, 2006, Seung M. Santillan and Oscar Ortiz caused Ameritrust Title Company to wire transfer seller proceeds in the amount of $198,604.71 to Uptown Builders, LLC JP Morgan Chase Bank account XXX6997 from the sale of 3921 Bissonnet, Houston, Texas.

(20)  March 10, 2006, Seung M. Santillan caused Ameritrust Title to wire transfer $19,200 to her Prime Estate Realty bank account XXX9476 at Sterling Bank.

(21)  March 13, 2006, Oscar Ortiz paid Theodore Van Allen $9,600 with check 7200 drawn on the Uptown Builders, LLC JP Morgan Chase Bank account XXX6997.

**2216 Bellefontaine, Houston, Texas**

(22)  June 6, 2006,  Seung Santillan and Oscar Ortiz caused National City Bank of Indiana to wire transfer $503,455.17 in loan proceeds to American Title

Company of Houston for the real estate closing of 2216 Bellefontaine, Houston, Texas.

(23) June 7, 2006, Seung Santillan caused Santi Investments, LLC invoice #06082006 to be sent to American Title Company of Houston regarding 2216 Bellefontaine, Houston, Texas, and requesting a $292,531.000 investment loan payoff.

(24) June 9, 2006, Seung M. Santillan opened Sterling Bank account XXX9385 in the name of Santi Investments LLC.

(25) June 9, 2006, Seung M. Santillan deposited American Title Company of Houston check 011211 payable to Santi Investments for $289,538.85 to her Santi Investments, LLC Sterling Bank account XXX9385.

(26) June 12, 2006, Seung M. Santillan wire transferred $30,000 to Uptown Builders, LLC JP Morgan Chase Bank account XXX6997 from Santi Investments, LLC Sterling Bank account XXX 9385.

(27) June 12, 2006, Oscar Ortiz caused to be deposited into his personal bank account XXX5266 at Sterling Bank, $10,000 from Santi Investments, LLC Sterling Bank account XXX 9385.

**1972 W. Dallas, Houston, Texas**

(28) June 30, 2006, Seung M. Santillan and Oscar Ortiz caused Mohamed

Gouacem to purchase 1972 W. Dallas, Houston, Texas for $293,000.

(29)   July 27, 2006, Seung Santillan and Oscar Ortiz caused a Mechanic's Lien Contract between Santi Investments and Mohamed Gouacem to be filed with the Harris County District Clerk.

(30)   August 23, 2006, Seung Santillan a.k.a. Suzy Santillan verified Ronald Kriner's rent or mortgage to the mortgage lender by posing as Suzi Ortiz, the Manager of Uptown Management.

(31)   August 29, 2006, Seung M. Santillan and Oscar Ortiz caused Ronald Kriner to purchase 1972 W. Dallas, Houston, Texas from Mohamed Gouacem for $650,000.

(32)   August 30, 2006, Seung M. Santillan deposited into her Santi Investments, LLC Sterling Bank account XXX9385, $336,394.64 in mortgage loan proceeds from Country Title LLC check 1012 payable to Santi Investments.

**413 Merrill, Houston, Texas**

(33)   August 4, 2006, Seung Santillan and Oscar Ortiz caused a Mechanic's Lien Contract between Santi Investments and the seller of 413 Merrill, Houston, Texas to be filed with the Harris County District Clerk.

(34)   August 18, 2006, Seung Santillan and Oscar Ortiz deposited $29,000 into Ronald Kriner's Amegy Bank account.

(35)   August 23, 2006, Oscar Ortiz deposited into Americorp Builders, LLC JP Morgan Chase Bank account XXX1572, check 926 drawn on Ronald Kriner's Amegy Bank account payable to Americorp Builders, LLC for $29,000.

(36)   August 28, 2006, Seung Santillan and Oscar Ortiz caused Washington Mutual Bank to wire transfer $462,081.36 in loan funds to American Title Company of Houston for the Ronald Kriner purchase of 413 Merrill, Houston, Texas.

(37)   August 30, 2006, Seung Santillan deposited American Title Company of Houston check 012433 payable to Santi Investments for $191,015.00 into the Santi Investments, LLC Sterling Bank account XXX9385 less $9,000 in cash she withheld.

(38)   September 1, 2006, Oscar Ortiz paid Ronald Kriner $11,060 in check 1049 drawn on Americorp Builders, LLC JP Morgan Chase Bank account XXX1572.

## 112 W. 4th Street, Houston, Texas

(39)   July 26, 2007, Oscar Ortiz caused Credit Suisse Financial to wire transfer $627,082.54 in loan proceeds to Pinnacle Title for H. Kaboli to purchase 112 W. 4th Street, Houston, Texas from Theodore Van Allen.

(40)   July 26, 2007, Oscar Ortiz provided to Pinnacle Title a Mechanic's

Lien Contract for $350,000 between Theodore Van Allen and Americorp Builders, LLC.

(41)   July 27, 2007, Oscar Ortiz withdrew $32,177.36 from Americorp Builders LLC, JP Morgan Chase Bank account XXX1572 and purchased Chase Official Check 927607912 payable to Pinnacle Title Co. in the amount of $32,177.36 to pay buyer closing costs on the purchase of 112 W.4th Street, Houston, Texas.

(42)   July 27, 2007, Oscar Ortiz caused Pinnacle Title to wire transfer $55,132.16 to Americorp Builders, LLC JP Morgan Chase Bank account XXX1572.

(43)   July 30, 2007, Oscar Ortiz caused Pinnacle Title to wire transfer $100,000 to Americorp Builders, LLC JP Morgan Chase Bank account XXX1572.

All in violation of Title 18, United States Code, Section 1349.


### COUNT TWO
### (False Statement on a Loan Application –18 U.S.C. § 1014)

On or about June 8, 2006, in the Southern District of Texas, and elsewhere, the defendants,

**SEUNG MIN SANTILLAN**
**a.k.a. Suzy Santillan**
**a.k.a. Suzi Santillan**

**and**
## OSCAR CANTALICIO ORTIZ

aided and abetted by each other and others known and unknown to the Grand Jury,

did knowingly make a false statement for the purpose of influencing the action of

Encore Bank, an institution the accounts of which are insured by the Federal

Deposit Insurance Corporation, in connection with a mortgage loan application on

behalf of T.V.A., in that they submitted and caused to be submitted a Uniform

Residential Loan Application, which falsely stated: (1) T.V.A. intended to occupy

2216 Bellefontaine as his primary residence, (2) T.V.A. earned $21,250 per month

in income, and (3) T.V.A. did not own any real estate, when in truth and in fact, as

the defendants well knew, (1) T.V.A. did not intend to occupy 2216 Bellefontaine

as his primary residence, (2) T.V.A. earned substantially less than $21,250 per

month in income, and (3) T.V.A. did in fact own real property located at 3921

Bissonnet.

All in violation of Title 18, United States Code, Section 1014, and 2.


## COUNT THREE
### (False Statement on a Loan Application – Title 18, U.S.C. § 1014)

On or about May 2, 2006, in the Southern District of Texas, and elsewhere,

the defendants,

## SEUNG MIN SANTILLAN
### a.k.a. Suzy Santillan
### a.k.a. Suzi Santillan
### and
## OSCAR CANTALICIO ORTIZ

aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly make a false statement for the purpose of influencing the action of Encore Bank, an institution the accounts of which are insured by the Federal Deposit Insurance Corporation, in connection with a mortgage loan application on behalf of T.V.A., in that they submitted and caused to be submitted a Uniform Residential Appraisal Report and Builder Contract attachment, which falsely stated that Santi Investment, L.L.C. had agreed to and did in fact perform approximately $265,260.00 in renovations to the property located at 2216 Bellefontaine, when in truth and in fact, as the defendants well knew, Santi Investment, L.L.C. did not in fact perform the renovations as stated in the Uniform Residential Appraisal Report and Builder Contract.

All in violation of Title 18, United States Code, Section 1014, and 2.

## COUNT FOUR
### (False Statement on a Loan Application – Title 18, U.S.C. § 1014)

On or about August 10, 2006, in the Southern District of Texas, and elsewhere, the defendants,

# SEUNG MIN SANTILLAN
## a.k.a. Suzy Santillan
## a.k.a. Suzi Santillan
### and
# OSCAR CANTALICIO ORTIZ

aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly make a false statement for the purpose of influencing the action of Washington Mutual Bank, an institution the accounts of which are insured by the Federal Deposit Insurance Corporation, in connection with a mortgage loan application on behalf of R.D.K., in that they submitted and caused to be submitted a Uniform Residential Loan Application, which falsely stated: (1) R.D.K. intended to occupy 413 Merrill as his primary residence, (2) R.D.K. earned $16,442 per month in income, (3) R.D.K. owned $28,820 in assets deposited in an Amegy Bank account, (4) R.D.K. rented the residence located at 14586 Wunderlick Dr. #3502, and (5) R.D.K. did not own any real estate, when in truth and in fact, as the defendants well knew, (1) R.D.K. did not intend to occupy 413 Merrill as his primary residence, (2) R.D.K. earned substantially less than $16,442 per month in income, (3) R.D.K.'s Amegy Bank balance was falsely and fraudulently inflated by the defendants, (4) R.D.K. did not rent the residence located at 14586 Wunderlick Dr. #3502, but rather (5) R.D.K. owned the residence located at 14555 Wunderlick Dr. #3502.

All in violation of Title 18, United States Code, Section 1014, and 2.

## COUNT FIVE
### (False Statement on a Loan Application – Title 18, U.S.C. § 1014)

On or about August 23, 2006, in the Southern District of Texas, and elsewhere, the defendants,

**SEUNG MIN SANTILLAN**
**a.k.a. Suzy Santillan**
**a.k.a. Suzi Santillan**
**and**
**OSCAR CANTALICIO ORTIZ**

aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly make a false statement for the purpose of influencing the action of Washington Mutual Bank, an institution the accounts of which are insured by the Federal Deposit Insurance Corporation, in connection with a mortgage loan application on behalf of R.D.K., in that they submitted and caused to be submitted a completed Request for Verification of Rent or Mortgage form, which falsely stated that Uptown Property Management rented the residence located at 14586 Wunderlick Dr. #3502 to R.D.K., when in truth and in fact, as the defendants well knew, Uptown Property Management did not rent the residence located at 14586 Wunderlick Dr. #3502 to R.D.K.

All in violation of Title 18, United States Code, Section 1014, and 2.

18

## COUNT SIX
### (False Statement on a Loan Application – Title 18, U.S.C. § 1014)

In or about August 2006, in the Southern District of Texas, and elsewhere, the defendants,

**SEUNG MIN SANTILLAN**
**a.k.a. Suzy Santillan**
**a.k.a. Suzi Santillan**
**and**
**OSCAR CANTALICIO ORTIZ**

aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly make a false statement for the purpose of influencing the action of Washington Mutual Bank, an institution the accounts of which are insured by the Federal Deposit Insurance Corporation, in connection with a mortgage loan application on behalf of R.D.K., in that they submitted and caused to be submitted a Residential Lease, which falsely stated that R.D.K. rented the residence located at 14555 Wunderlick Dr. #3502 to D.B., when in truth and in fact, as the defendants well knew, R.D.K. did not rent out the residence located at 14555 Wunderlick Dr. #3502.

All in violation of Title 18, United States Code, Section 1014, and 2.

# COUNT SEVEN
## (False Statement on a Loan Application -- Title 18, U.S.C. § 1014)

On or about April 9, 2007, in the Southern District of Texas, and elsewhere, the defendants,

## SEUNG MIN SANTILLAN
### a.k.a. Suzy Santillan
### a.k.a. Suzi Santillan
### and
## OSCAR CANTALICIO ORTIZ

aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly make a false statement for the purpose of influencing the action of J.P. Morgan Chase Bank, N.A., an institution the accounts of which are insured by the Federal Deposit Insurance Corporation, in connection with a mortgage loan application on behalf of T.V.A., in that they submitted and caused to be submitted a Uniform Residential Loan Application, which falsely stated: (1) T.V.A. intended to occupy 112 West 4th Street as his primary residence, (2) T.V.A. earned $27,810 per month in income, and (3) T.V.A. "will lease" his current residence at 3658 Chapel Square, when in truth and in fact, as the defendants well knew, (1) T.V.A. did not intend to occupy 112 West 4th Street as his primary residence, (2) T.V.A. earned substantially less than $27,810 per month in income, and (3) T.V.A. did not intend to and did not in fact lease his current residence at 3658 Chapel Square.

All in violation of Title 18, United States Code, Section 1014, and 2.

## NOTICE OF CRIMINAL FORFEITURE
### 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C)

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the Defendants,

**SEUNG MIN SANTILLAN**
**a.k.a. Suzy Santillan**
**a.k.a Suzi Santillan**
**and**
**OSCAR CANTALICIO ORTIZ**

that in the event of conviction for the conspiracy offense charged in Count One of this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to commit such offenses. The property subject to forfeiture includes, but is not limited to, the following property:

Approximately $16,000,000.00

## NOTICE OF CRIMINAL FORFEITURE
### 18 U.S.C. § 982(a)(2)

Pursuant to Title 18, United States Code, Section 982(a)(2)(A), the United States gives notice to the Defendants,

**SEUNG MIN SANTILLAN**
**a.k.a. Suzy Santillan**
**a.k.a Suzi Santillan**
**and**

## OSCAR CANTALICIO ORTIZ

that in the event of conviction for the offenses charged in Counts Two through Seven of this Indictment, the United States intends to seek forfeiture of all property constituting or derived from proceeds obtained, directly or indirectly, as the result of such offenses.

### Money Judgment

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, for which the Defendants may be jointly and severally liable. That amount is estimated to be, but is not limited to, approximately $16,000,000.00 in United States dollars.

### Substitute Assets

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of a defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the

defendants up to the total value of such property pursuant to Title 21, United States

Code, Section 853(p), incorporated by reference in Title 18, United States Code,

Section 982(b) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE _____
FOREPERSON OF THE GRAND JURY


KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
Melissa J. Annis
Assistant United States Attorney


_____
Justin R. Martin
Assistant United States Attorney